In Re: Alexis A. Hartman            Chapter 7
       a/k/a Alexis Petralia
               Debtor.            Case No.   2-26-20082 BUC

Alexis A. Hartman, a/k/a Alexis Petralia

               Plaintiff,

v.                      Adversary No.

M & T Bank

               Defendant.

## COMPLAINT TO AVOID PREFERENTIAL TRANSFER
## AND RECOVER PROPERTY

Alexis A. Hartman, a/k/a Alexis Petralia, the Debtor herein, by and through her attorney,

David J. Babel, as and for her complaint against M & T Bank, ("M & T"),  respectfully represents:

### JURISDICTION AND VENUE

1.     This is an adversary proceeding brought pursuant to Bankruptcy Rule 7001(1),

11 U.S.C. §547 and 11 U.S.C. §522(h).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

2.     This Court has venue over this matter pursuant to 28 U.S.C. §1409 because the

underlying bankruptcy case is pending in this district.

3.     This adversary proceeding relates to the matter of case 2-26-20082, a bankruptcy

case pending under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for

the Western District of New York.

### THE PARTIES

4.  The Plaintiff, Alexis A. Hartman, ("the Debtor") is an individual, who resides in the state of

New York.  She is also presently a debtor under Chapter 7 of the United States Bankruptcy Code

11 U.S.C. §101, et seq. (the "Bankruptcy Code") as that term is defined by §109 of the Bankruptcy Code, having filed a chapter 7 bankruptcy, Case no. 2-26-20082, on February 3, 2026.

5. The Defendant, M & T Bank, is a domestic corporation based in the State of New York.

**FACTS UNDERLYING THE CLAIM**

6. On February 14, 2025, the Defendant, M & T, through its attorneys, Rupp Pfalzgraf LLC, filed an action against Alexis A. Hartman, a/k/a Alexis A. Petralia in the Supreme Court of the State of New York in the County of Monroe under Index# E2025003516 for failure to make payments on her credit card. A judgment was entered in favor of M & T on February 2, 2026, in the amount of $15,991.14 ("the Judgment"). (*See* Exhibit A).

7. On February 3, 2026, Alexis A. Hartman, filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of New York. [Case No. 2-26-20082].

8. Within ninety (90) days before the Petition Date (specifically on February 2, 2026), pursuant to N.Y. CPLR § 5203 and the entry of the Judgment in the Supreme Court in and for the County of Monroe, the Defendant perfected its judicial lien on the Debtor's interest in the following property (the "Property"): 823 Lithuanica Lane, Webster, New York 14580 (Tax Map Identifier 065.17-1-41) located in the County of Monroe.

9. The perfection of the judicial lien constituted a "transfer" of an interest of the Debtor in property within the meaning of 11 U.S.C. §§ 101(54) and 547(e).

10. The transfer was made to or for the benefit of Defendant, a creditor.

11. The transfer was made on account of an antecedent debt (the obligation underlying the Judgment).

12. The Debtor was insolvent at the time of the transfer.

13. The transfer enabled Defendant to receive more than it would receive if this case were a case under Chapter 7 and the transfer had not been made.

14. No affirmative defenses under 11 U.S.C. § 547(c) apply to this transfer.

15. M & T, was properly listed as an unsecured creditor on Schedule F of the Debtor's Bankruptcy Petition and was properly notified of the filing of this bankruptcy through the bankruptcy noticing center. (*See* Exhibits B and C).

16. Counsel for the Defendant was contacted and a request was made of them to vacate the judicial lien in question on the basis that the same constituted a voidable preference under the Bankruptcy Code, however, counsel declined to do so.

## FIRST COUNT

**Avoidance of Preferential Transfer Pursuant to 11 U.S.C. § 547(b) and 11 U.S.C. §522(h)**

17. The allegations set forth in paragraphs 1-16 are incorporated herein by reference as if fully set forth herein.

18. The perfecting of a judicial lien by Defendant, M & T, represents a voidable preference under 11 U.S.C. §547 for the reasons stated below:

A. The Judgment, which formed the basis for the lien, was for an antecedent debt, which was incurred prior to the filing of bankruptcy.

B. The lien which attached the real property owned by the Debtor was for the benefit of the M&T, as the creditor.

C. The Judgement was entered on February 2, 2026 in the Supreme Court of the State of New York in and for the County of Monroe (where the property is located) during the ninety days immediately before the filing of the Debtor's bankruptcy on February 3, 2026.

D. The nature of the debt underlying the Judgment was that of a general unsecured debt.

E. M&T was not entitled to receive any payment on this debt, as this case was a *no asset Chapter 7 and the real property to which the lien has attached is claimed as exempt in Debtor's Bankruptcy Petition.

F. The Debtor was insolvent during the period that the preference occurred.

G. The Debtor did not hide or attempt to hide the alleged property she exempted.

H. The Trustee could avoid this preferential transfer under 11 U.S.C. §547 but has chosen not to do so and has filed a "Report of *No Distribution" (See Docket Entry #16 dated April 15, 2026. (*See* Exhibit D*).

I. Therefore, Alexis A. Hartman, as a debtor, has standing to avoid this preferential payment under 11 U.S.C. §522(h).

**WHEREFORE**, the Debtor, Alexis A. Hartman, demands judgment against the Defendant as follows:

a. Avoiding the Defendant's judicial lien on the Property as a preferential transfer pursuant to 11 U.S.C. § 547(b) and 11 U.S.C. §522(h);

b. Declaring the lien null, void, and of no force or effect;

c. Directing Defendant to execute and file all documents necessary to release the lien of record (including a Satisfaction of Judgment) within fourteen (14) days of entry of judgment; and

d. Awarding costs and such other and further relief as the Court deems just and proper.

Dated: May 1, 2026
Bronx, New York

Respectfully Submitted,

/s/ *David J. Babel*
David J. Babel, Esq., P.C.
Attorney for the Plaintiff
State Bar: 2229367
2525 Eastchester Rd.
Bronx, NY 10469
(718) 881-7964
Davidjbabel@babelslaw.com